## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHEN DISTRICT OF GEORGIA
## ROME DIVISON

**SHERRIE PETERSON,**

      **Plaintiff,**

                **\_\_\_\_**

**vs.**

**SHORTER UNIVERSITY, INC.,**

      **Defendant.**

**CIVIL ACTION FILE**

**No.**_____

      **JURY TRIAL DEMANDED**

## COMPLAINT

Sherrie Peterson ("Peterson") files this Complaint against International Shorter University, Inc ("Shorter"), showing the Court as follows:

### 1.

Shorter University, Inc. is a Georgia Corporation with its principal office located at 315 Shorter Avenue, Rome, Georgia 30165. Shorter's Registered Agent is its CEO, Donald V. Dowless, located at 315 Shorter Avenue, Rome, Georgia 30165.

### 2.

This Court has subject matter jurisdiction over this case under 28 U.S. 1331, as this case arises under the laws of the United States.

3.

Venue is proper in this District under 28 U.S.C. 1391(b)(1) as the Defendant resides in this District and a substantial part of the events and omissions that are the subject of this action occurred in this District.

4.

Plaintiff received a right to sue letter from the EEOC concerning these claims and files this action within 90 days of the receipt of the right to sue letter.

5.

Peterson, prior to the EEOC making a decision on her statutory claims which were before the EEOC, filed another case in this Court which was assigned Case Number 4:22-cv-0008. In the Complaint in that case Peterson expressly stated that she was not asserting federal law claims because the EEOC had not yet reached the point where they had issued a Right to Sue Letter.

6.

This action is brought for discrimination pursuant to Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. 2000e to 2000e-17, for sex discrimination, and pursuant to the Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. 621 to 634.

7.

Peterson worked for Shorter as an Assistant Professor of Theatre, pursuant to a 2020-2021 Contract signed by her as Faculty Member and by Donald Dowless as President of Shorter University, covering the specific duration of August 1, 2020, through May 31, 2021.

8.

Peterson was fired by Shorter on August 14, 2020, just before the start of the 2020-2021 academic school year.

9.

Prior to her being fired, after Peterson had been  the victim of a very public assault in the civil sense during a Shorter University student theatre performance of the play, "Carousel"-- which Peterson was actually directing-- on February 15,

2020, Shorter decided to include a new provision in the 2020-2021 contract, which Dowless signed on April 30, 2020, and Peterson signed on May 8, 2020. See Exhibit A.

10.

Peterson had had contracts for specific durations that were for the periods 2019-2020, 2018-2019, 2017-2018, and 2016-2017., that did not include the new paragraph.

11.

The new paragraph stated, in italics: *I understand that this contract may be adjusted or cancelled, or my salary decreased, at the sole discretion of the President of Shorter University, depending on the finances of the University. Notwithstanding anything in the Facukty handbook, if Shorter cancels my contract before the end of drop/add for any semester, I will be paid only through the date of the cancellation, and nothing further. I also understand that because this decision is at the President's discretion, it is not appealable.*

12.

Given that she was fired 6 days after she signed the contract, Peterson believes that it is likely that no other person in the Theatre Department who had a

contract with Shorter for a specific duration had a cancellation clause such as the one included in her contract. Petersomn will need to be allowed a reasonable amount of discovery to determine whether or not this is true.

13.

In any event, Dowless was completely not involved in the decision to fire Peterson.

14.

Instead, Dr. John Reams, now the Provost of Shorter, chose to terminate Peterson, who was age protected as well as being protected from sex discrimination, and kept instead a male comparator under 40 years of age, Drew Davidson.

15.

Peterson was brought into Dr. Reams' office on May 14, 2020 and was told that the faculty line was being cut and that Peterson was no longer needed.

16.

Peterson inquired about being able to stay on as an adjunct since Shorter was going to have to divide up her classes and force an overload on two professors which might end up being the same cost as paying an adjunct, but she was denied

the opportunity. Peterson was sent home with no pay and no insurance during a pandemic with two kids in college as a single mother.

17.

Peterson's firing was on the first day of school and the timing of the firing was such that Peterson was denied even a chance to get another job as a Professor for a whole year. The firing was so cruel that it had a taint of animus against Peterson due to her sex.

18.


The younger male Shorter retained, Drew Davidson, has in the aftermath been falsely described as more qualified than Peterson. Shorter claimed he was more qualified than Peterson regarding Shakespeare and stage combat, but Peterson received training in grad school in Shakespeare, has directed Shakespeare productions, and has taught a class on the graduate level of periods and styles where we also study Shakespeare performance. Peterson taught Acting for the Camera and have extensive work in front of an behind the camera, which Drew does not. As far as stage combat, Peterson trained for two years in grad school as recent as 2015 and received a certified actor combatant status. Peterson also certified in broad sword and trained in Rapier and dagger. In several shows that I directed at Shorter, Peterson choreographed the fight scenes herself.

19.

Shorter planned for the younger male to take over Peterson's classes and offered pretextual reasons for Peterson's firing and his retention.

20.

Peterson exhausted her federal administrative remedies before filing this suit.

21.

Because she was wrongfully discharged because of her sex and age, Peterson suffered damages proximately caused by the same, as well as retaliation from Shorter for advocating against the male who assaulted her.

22.

Peterson is entitled to a judgment against Shorter for all damages permitted under Title VII and the ADEA and for retaliation under those statutes.

WHEREFORE, Peterson respectfully prays for TRIAL BY JURY, and a judgment against Shorter for all damages permitted under Title VII and the ADEA and for retaliation under those statutes, and such other and further relief as the Court Deems proper.

This 26th day of September, 2022.

**DALZIEL LAW FIRM**

/s/Charles M. Dalziel, Jr.

CHARLES M. DALZIEL, JR.

Georgia Bar No. 203730

31 Atlanta Street Suite 200

Marietta GA 30060
(404)735-0438

chuck@dalziellawfirm.com

Attorney for Plaintiff